## Thompson et al. v. Evans et al.

1. *Torts.—Recovery against Joint Trespassers.*—In an action of trespass against several defendants, jointly, unless the evidence shows a joint act on their part, a joint recovery against them can not be sustained.

2. *Trespasses—What Acts are Sufficient to Create Joint Liability.*—The mere expression of an opinion by the city attorney as to the duty of another officer under the ordinance, and in the absence of the proof of malice, a mistakenly expressed opinion will not authorize the recovery of damages against him for acts committed by the other officer, in pursuance of such opinion. So, where a person erected a shed within the fire limits of a city, and the city attorney, being called upon for his opinion in regard to the matter, expressed it that the building was erected in violation of the ordinance, and that it would be the duty of the marshal to tear it down if the person erecting it did not remove it, and the marshal having torn it down, *it was held* that the city attorney, by reason of the opinion given, was not jointly liable in trespass with the marshal, no malice being shown.

3. *Damages—Excessive.*—In an action for tearing down a shed, where the evidence shows the actual damage to be $80, a verdict and judgment for $300 can not be sustained, where there is an absolute want of proof of malice.

4. *Damages—Exemplary—Not Proper, When.*—Where an act, complained of as a trespass, was done by an officer without malice, under a mistaken idea of the law, and while endeavoring to discharge his duty, it is improper to award exemplary damages.

5. *Cities and Villages—Fire Ordinances—Notices in Writing, etc.*— Under an ordinance establishing fire limits, and providing that wooden buildings, which might be erected, removed, or repaired, contrary to the provisions of the ordinance, should be deemed nuisances, and upon information thereof it should be the duty of the mayor, after having given the owner or builder thereof three days' notice to remove them by an order in writing, to require the city marshal to raze such buildings to the ground, it is not necessary to give the order in writing to the marshal. The written notice provided for in the ordinance, as an order in writing, is a notice from the mayor to the owner or builder of the building to remove the same, etc., but so far as regards the liability of the mayor and attorney for the acts done by the marshal, it would make no difference whether the notice was in writing or not.

6. *Cities and Villages—Construction of Ordinances.*—The ordinance of a city being in writing, the effect of the same is a matter of construction for the court, and not to be construed by the jury; so where an ordinance fixing the fire limit in a city provided that in case of the erection of a building contrary to its provisions it should be the duty of the

mayor, after having given the owner thereof three days' notice to remove the same by the order in writing, to require the city marshal to remove such building, *it was held*, that it was for the court to determine whether a written order to the marshal was necessary, and not to leave that as a question of fact for the jury.

**Memorandum.**—Action of trespass, for removal of building. Appeal from the Circuit Court of Jackson county, the Hon. JOSEPH P. ROBARTS, Circuit Judge, presiding. Heard in this court at the August term, 1892. Opinion filed September 8, 1893.

The statement of facts is contained in the opinion of the court.

*Ordinance referred to in the opinion of the court:*

SEC. 25. Any wooden building which may be erected, removed or repaired, or in process of erection, enlargement, removal or repair, contrary to the provisions and requirements of this ordinance, shall be deemed, and is hereby declared a nuisance, and upon information it shall be the duty of the mayor, after having given the owner or builder thereof three days notice to remove or abate the same by an order in writing, to require the city marshal to raze such building to the ground. The expenses of the removal of such building shall be reported by the city marshal to the city council. The owner of such building shall be liable for the payment thereof, and if not at once paid, it shall be the duty of the city attorney to bring suit therefor in the police court, or some court of competent jurisdiction, in the name of the city.

F. M. YOUNGBLOOD and W. W. BARR, attorneys for appellants.

WILLIAM A. SCHWARTZ, attorney for appellees.

OPINION OF THE COURT, PHILLIPS, P. J.

This is an action of trespass brought by appellees against appellants, which resulted in a verdict and judgment against appellants for $200, and a motion for a new trial being overruled, the record is brought to this court by appeal.

Appellees erected a shed on the public square in the city of Carbondale, within the fire limits of the city, as alleged, which was torn down by the city marshal. The only connection shown between Burket and Thompson, appellants, with the alleged trespass, is that Burket was mayor, and Thompson city attorney, of the city of Carbondale, and

Thompson v. Evans.

each, in their official positions, gave certain advice to the city marshal. There is no evidence to connect Thompson with the tearing down of the shed, which is the gist of this action, except the opinion expressed, that the building was erected in violation of the fire ordinance, and that it would be the duty of the marshal to tear it down if the plaintiff did not remove it. He was occupying the position at that time, of city attorney, and on being requested to give his opinion to the mayor and city marshal, expressed the opinion on the ordinance which fixed the fire limits as to the character of buildings to be erected within the same, and in the expression of that opinion, did not order the act of tearing down the building, nor had he the authority to do so. It was the mere expression of an opinion by a city attorney as to the duty of another officer under the ordinance, and in the absence of the proof of malice, a mistakenly expressed opinion would not authorize a recovery of damages.

The evidence shows the shed cost $75 to purchase the lumber and erect the same, and after the same was torn down the most of the material was subsequently used by the plaintiffs, and the machinery that was exposed to sale under the shed, it is claimed, was damaged to the extent of $80. This is the extent of damage sought to be shown, and a verdict and judgment for $200 was not authorized by this evidence where there is an absolute want of proof of malice. At most, the proof is the act of officers, and if a mistaken act, would not authorize exemplary damages. All the evidence in the record shows that the acts done in the removal of the buildings were acts done as officers of the city, without malice, endeavoring to discharge a duty. It is objected that the order to the marshal to remove the building was not given in writing. It is not necessary to give a written order to the marshal under section 25 of the city ordinance offered in evidence to remove a building from the ground when erected in violation of the provisions of the fire ordinance. The written notice provided for by that section as an order in writing, is a notice from the mayor to

the owner, or builder of the building within the fire limits, to remove the same, and as to these defendants it would make no difference that the order to the marshal to remove the building was not in writing. The damage as shown, taking into consideration the injury to the machinery exposed and the original cost of the building regardless of the fact that the material of which the building was constructed, was subsequently used by the plaintiff, could not have exceeded $155. Hence in the absence of all proof of malice, a verdict for $200 could not be sustained. No written order to the marshal being necessary the fourth instruction given for plaintiff, which is as follows, was erroneous: "The court instructs the jury that if you believe from the evidence that section 25 of the ordinance before you requires the authority from the mayor to the city marshal to tear down a building, to be in writing, then it would be a trespass to tear down any kind of a building by the marshal without a written order, and all who should aid, abet, advise, encourage or assist in such trespass are jointly guilty with the marshal in tearing down such building." Further, the ordinance was in writing, and its effect was a matter of construction for the court, and not to be left to be construed by the jury. It was for the court to determine whether a written order to the marshal was necessary and not to leave that as a question of fact to the jury. The verdict can not be sustained.

The judgment is reversed and the case remanded.